[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#117)
FACTS
The plaintiff, Astrid Sundwall, appearing pro se, commenced the present action by service of a writ of summons and complaint against the defendants, Richard Bowley, Michael Gow, Steve Roth and Jeffrey Bosio, on June 22, 1995. The plaintiff alleges that she is an owner and resident of a residential condominium unit at Country Living Condominiums located in Torrington, Connecticut. The plaintiff's complaint alleges that defendant Bowley is the property manager of the condominium complex, defendants Gow and Roth are members of the governing board and that defendants Bosio and Roth are unit owners within the complex.
On January 12, 1996, the plaintiff filed an amended complaint against the defendants alleging negligence as to Bowley, Roth and Gow (First Count); violations of the Connecticut Condominium Act, Chapter 825, General Statutes § 47-68 et. seq. (Second Count); conversion, violations of the Connecticut Condominium Act, Chapter 825, General Statutes § 47-68 et. seq. and nuisance (Third Count); and breach of duty (Fourth Count). The plaintiff, in her prayer for relief, seeks injunctive relief, monetary damages, legal fees and costs, and compensation for loss of time from work.
The defendant, Richard Bowley, filed a motion to strike the second and fourth counts of the plaintiff's complaint as to him as well as several of the plaintiff's claims for relief.
Utilizing a motion to strike, a party may contest the legal sufficiency of a complaint's allegations for failure to state a claim upon which relief can be granted. RK Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. Id. The court must, "construe the facts alleged in the complaint in a light most favorable to the pleader." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. The BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "If a complaint contains the necessary elements of a cause of action, it will survive a motion to strike." D'Ulisse-Cupo v. Board of DirectorsCT Page 4010-EEof Notre Dame High School, 202 Conn. 206, 218-19, 520 A.2d 217
(1987).
Pursuant to Practice Book § 152, the defendant, Richard Bowley, timely filed a motion to strike the second and fourth count of the plaintiff's complaint on the ground that Richrd [Richard] Bowley, Manager LLC, is not subject to the Connecticut Condominium Act, Chapter 825, General Statutes § 47-68 et. seq. Richard Bowley also moves to strike the corresponding portion of the prayer for relief seeking legal fees under the Condominium Act. In the alternative, the defendant moves to strike the claim for legal fees because the plaintiff has appeared pro se and as such will not incur legal fees. Additionally, the defendant moves to strike that portion of the prayer for relief seeking an injunction and compensation for loss of time from work to prepare the case.
On February 26, 1996, the plaintiff filed an objection to the motion to strike arguing that the Condominium Act applies to managers or employees of the condominium association and to others authorized to perform for the association. As to the request for legal fees, the plaintiff argues that she is entitled to request same in the event that she hires an attorney as she contemplates doing so and has conferred with an attorney on this case. The plaintiff also argues that the claim for compensation for loss of time from work to prepare the case is proper as an item of special damages and that her claim for injunctive relief is proper and if inartfully drafted will be corrected as necessary.
I. Second and Fourth Count
The defendant argues that a property manager of a condominium is not subject to liability under the Connecticut Condominium Act. General Statutes § 47-86 sets forth the persons bound by the act and provides in pertinent part that: "(a) All unit owners, tenants of such owners, employees of owners and tenants, or any other persons who may in any manner use property or any part thereof submitted to the provisions of this chapter shall be subject to this chapter and to the declaration and bylaws of the association of unit owners." General Statutes § 47-86 (a).
Additionally, General Statutes § 47-75 provides in pertinent part: "(a) Each unit owner, and the association of unit owners, shall comply with this chapter, the condominium CT Page 4010-FF instruments, and the rules and regulations adopted pursuant thereto. Failure to so comply shall be ground for an action to recover damages or for injunctive relief, or for any other relief to which the party bringing such action may be entitled. Such action may be brought by the association of unit owners against any unit owner or owners or, in any proper case, by one or more aggrieved unit owners on their own behalf or as a class action. If any such action results in a final judgment or decree in favor of the party instituting such action, such judgment or decree may incorporate a provision for reasonable attorney's fees, as specified in such judgment or decree, to be paid by the party against whom such judgment or decree is entered." General Statutes47-75(a).
The defendant's argument that the above statutes do no specifically set forth "property manager" as a person bound by the act is unavailing. It is quite possible, as the plaintiff posits, that a "property manager" may be considered an employee. It is also possible that the condominium association uses the services of a property manager to manage the affairs of the association thereby creating an agency relationship. These possibilities, however, are not questions of statutory construction or sufficiency of the allegations but are instead questions of fact. Therefore, the defendant's motion to strike the second and fourth count is denied.
II. Prayer for Relief
A motion to strike can be used to challenge the legal sufficiency of any prayer for a relief in a complaint. Practice Book § 152(2). A party moving to strike a prayer for relief should prevail if, "assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff." Kavarco v. T.J.E. Inc., 2 Conn. App. 294, 298 n. 4,478 A.2d 257 (1984). For the reasons stated above, the defendant's motion to strike that portion of the prayer for relief seeking legal fees pursuant to the Condominium Act is denied.
The defendant, Bowley, has also moved to strike the plaintiff's claim for legal fees on the ground that she has appeared pro se and thus will not incur fees. That again remains a question of fact that a jury can resolve if indeed the plaintiff continues to appear pro se. The claim itself is legally sufficient and the Condominium Act, General Statutes § 47-75
CT Page 4010-GG (a) allows for recovery of attorney's fees. The motion to strike this claim for relief is therefore denied.
Defendant, Bowley, has also moved to strike the plaintiff's prayer for relief seeking an injunction. As argued by the defendant, "[a] party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. The allegations and proof are conditions precedent to the granting of an injunction. Stocker v. Waterbury, 154 Conn. 446,449, 226 A.2d 514 (1967); Theurkauf v. Miller, 153 Conn. 159,161, 214 A.2d 834 (1965); Stapleton v. Lombardo, 151 Conn. 414,416, 198 A.2d 697 (1964). These elements are so crucial that a party' s failure to allege and prove them is sufficient ground for sustaining the refusal to grant an injunction, even where a court's conclusions on the merits are erroneous. Koepper v.Emanuele, 164 Conn. 175, 177, 319 A.2d 411 (1972)." City ofHartford v. American Arbitration Association, 174 Conn. 472,476-7, 391 A.2d 137 (1978).
In the present case, the defendant concedes that the plaintiff may seek injunctive relief pursuant to General Statutes47-75 (a) but argues that the complaint fails to state the elements that are crucial to a claim for injunctive relief. As stated above, these elements are irreparable harm and lack of an adequate remedy at law. City of Hartford v. American ArbitrationAssociation, supra, 174 Conn. 476-7. These critical allegations are missing. If the plaintiff intends to seek injunctive relief, the complaint should be amended to include the allegations of irreparable harm and lack of an adequate remedy at law. The defendant's motion to strike the claim for injunctive relief is, therefore, granted.
The plaintiff also seeks compensation for loss of time from work in preparing her case. and seeks to be compensated for such loss. The plaintiff argues that this is a special item of damages. The court, however, disagrees. Any time lost from work as a result of prosecuting this claim pro se is strictly a choice of the plaintiff. A lost wage claim in a personal injury action assuredly qualifies as an item of special damages but no such claim is being advanced in this case. The defendant's argument that such a recovery would extend consequential damages to the extreme is well taken. The court, therefore, grants the defendant's motion to strike that portion of the prayer for relief seeking compensation for loss of time from work. CT Page 4010-HH
In summary, the defendant's motion to strike the second and fourth count of the plaintiff's complaint as well as the portions of the prayer for relief seeking legal fees is denied. The defendant's motion to strike that portion of the plaintiff's prayer for relief seeking an injunction and compensation for loss of time from work is granted.
PICKETT, J.